IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

QUINCY CARTER,

    Plaintiff,
v.                                                        CASE NO. 1:15-cv-237-MP-GRJ

OFFICER GRADY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Jackson Work Camp, commenced this civil rights action pursuant to 42 U.S.C. § 1983, and is proceeding *pro se* and *in forma pauperis*. This case comes now before the Court on Defendant Grady's motion to dismiss, asserting that Plaintiff's claim against Defendant should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. (ECF No. 9.) Plaintiff has filed a response and the motion is now ripe for review. (ECF No. 10.) For the reasons discussed, the Court concludes that Defendants' motion to dismiss is due to be granted to the extent explained below.

### I. BACKGROUND

Plaintiff's claims center around an encounter with Officer Grady on

May 1, 2015.  Plaintiff alleges that he and another inmate were taken from "max" to booking to Cell 160 to wait for their public defender.  He claims that while waiting, he and the other inmate were sprayed with chemical agents "for no reason" while in shackles, belly chains, and handcuffed.  He contends that he was not a threat and the use of chemical agents was unnecessary and an excessive use of force.  He requests punitive damages, compensatory damages, and an injunction against the Defendant.  (ECF No. 1 at 3.)

## II.  STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts

that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Invs. v. Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (*overruled on other grounds* by *Iqbal*).

### III. DISCUSSION

In the instant motion, Defendant Grady has moved to dismiss the Complaint for failure to state a claim.  Defendant argues that under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), Plaintiff—who is an incarcerated prisoner—is barred from recovering compensatory or punitive damages because he has alleged no physical

injury from the administration of chemical agents.

Under the PLRA, a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen* 502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)(which construes § 1997(e) as barring a prisoner from obtaining compensatory damages for solely mental or emotional harm while incarcerated)). In contrast, the PLRA does not preclude an award of nominal damages if a plaintiff establishes the violation of a constitutional right. *Smith*, 502 F.3d at 1271 (citing *Carey v. Piphus*, 435 U.S. 247, 255 (1978)). Plaintiff, relying on *Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000), argues that even in the absence of physical injury, he may be entitled to nominal damages upon a showing of an Eighth Amendment violation.

Based on the allegations in the Complaint that Defendant administered chemical agents while Plaintiff was restrained and not creating a threat, the Court concludes that Plaintiff has adequately alleged a violation of the Eighth Amendment for excessive force. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)(the Eighth Amendment "prohibits the

unnecessary and wanton infliction of pain . . . , the infliction of pain totally without penological justification . . . , [and[ the infliction of punishment grossly disproportionate to the severity of the offense.")  He has not alleged physical injury in connection with his excessive force claim.

Because of the lack of allegations concerning physical injury in connection with his claim of excessive force, Plaintiff's request for compensatory and punitive damages is barred by the PLRA and subject to dismissal.  Plaintiff is still entitled to recover nominal damages upon demonstrating a violation of his constitutional rights.[1]  Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff may be permitted to amend his Complaint with either consent of Defendant or leave of this Court.

### III. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that

---

[1]Plaintiff also requests injunctive relief against Defendant Grady in his Complaint. Injunctive relief against a Defendant may be available to a prisoner in the absence of physical injury.  *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated in part and reinstated in part*, *Harris v. Garner*, 216 F.3d 970 (11th Cir. 200)(*en banc*)(stating that Congress, through the PLRA, allows prisoners to enforce their constitutional rights through suits for declaratory and injunctive relief when there is no physical injury, rather than actions for damages).  The facts of the Complaint, however, evidence that injunctive relief may be unavailable in this case, as Defendant Grady is employed at Dixie County Jail and Plaintiff is currently housed at Jackson Work Camp.  *See Smith*, 502 F.3d at 1267 (11th Cir. 2007)(stating that transfer of a prisoner will moot his claim for injunctive and declaratory relief), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011).  This issue is not raised in Defendant's motion to dismiss.

Defendants' motion to dismiss (ECF No. 9) should be **GRANTED** to the extent that Plaintiff's request for compensatory and punitive damages against Defendant should be **DISMISSED** and in all other respects should be **DENIED**.

IN CHAMBERS this 15th day of March 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**